IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,                                    No. 2:12-CV-2384-CMK-P

        Petitioner,

   vs.                                                       ORDER

RICHARD PARKS,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Pending before the court is petitioner's application for leave to proceed in forma pauperis (Docs. 6, 7, 10), and motion for an extension of time to file his certified trust account statement (Doc. 8). The court has received his certified trust account statement with petitioner's latest application. That request will therefore be granted.

        Under 28 U.S.C. § 1915(a), the court may grant in forma pauperis status to parties who submit an affidavit showing that the party is unable to pay the filing fee. In this case, the filing fee is $5.00. Petitioner has submitted a copy of his prison trust account statement reflecting that he had $157.16 in available funds in his prison trust account. Given this balance,

the court cannot find that petitioner is unable to pay the $5.00 filing fee.  Therefore, petitioner's application for leave to proceed in forma pauperis will be denied and petitioner shall be required to pre-pay the filing fee before this action can proceed.[1]  Petitioner is cautioned that failure to pay the filing fee within the time provided by this order may result in dismissal of the action.  See Local Rule 110.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Petitioner's request for an extension of time (Doc. 8) is granted;

      2.    Petitioner's applications for leave to proceed in forma pauperis (Docs. 6, 7, 10) are denied; and

      3.    Petitioner shall pay the $5.00 filing fee within 30 days of the date of this order.

DATED: September 30, 2013

                                                      */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition, it appears petitioner is attempting to challenge a conviction from 1992. Generally, a federal habeas corpus petitions must be filed within one year from the date the state court judgment became final, which in this case appears to be 1992.  Thus, it would appear that the statute of limitations has run and this petition is untimely.  If petitioner decides to pay the filing fee, the court will then be required to screen the petition and determine whether dismissal of the petition as untimely is appropriate.