IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,                                    No. 2:12-CV-2384-CMK-P

    Petitioner,

  vs.                                                            ORDER

RICHARD PARKS,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On September 30, 2013, the court denied petitioner's application for leave to proceed in forma pauperis, and ordered petitioner to pay the filing fee for this action within 30 days. Petitioner was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. To date, petitioner has failed to comply.

/ / /

1  The court must weigh five factors before imposing the harsh sanction of
2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14  Having considered these factors, and in light of petitioner's failure to pay the
15 filing fee as directed, the court finds that dismissal of this action is appropriate.
16  Accordingly, IT IS HEREBY ORDERED that:
17  1. This case is dismissed for petitioner's failure to pay the appropriate filing
18 fee; and
19  2. The Clerk of the Court is directed to close this case.

DATED:  December 13, 2013

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE